(48 Misc. Rep. 650)

HERALD SQUARE CLOAK & SUIT CO. v. ROCCA, Marshal.

(Supreme Court, Appellate Term.   November 24, 1905.)

1. COURTS—MUNICIPAL COURT—JURISDICTION.
    The Municipal Court of the city of New York has no jurisdiction of an action to recover money paid under duress by virtue of Laws 1905, p. 1172, c. 513, § 1, declaring that it shall have jurisdiction of an action to recover damages for breach of a contract, express or implied, etc.

2. SAME—JURISDICTION—OBJECTIONS—WAIVER—MOTION TO DISMISS.
    Where, in a suit for trespass against an officer, there was no proof sufficient to sustain the trespass, defendant's failure to move to dismiss at the end of the case did not waive an objection to the jurisdiction of the court.

3. PAYMENT—VOLUNTARY PAYMENTS—RECOVERY.
    Payment of the amount of an execution to a marshal by one not liable thereunder, with knowledge of all the facts and of the claim asserted by the person paid, was voluntary and not recoverable.
    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Payment, §§ 255, 264.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Herald Square Cloak & Suit Company against Luigi A. Rocca, as marshal of the city of New York. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

B. Gerson Oppenheim, for appellant.
William Reis, for respondent.

MacLEAN, J. Assuming as facts all the circumstances of which the plaintiff has given or admitted evidence, the judgment should be reversed. The defendant, a city marshal, having an execution against one Tarnowsky, appeared at the plaintiff's place of business,

told his errand, exhibited his paper, was told Tarnowsky was mana-
ger, not owner, was out, and would be sent for. He was asked to
wait. He or his assistant, or both, said he would have to raid
the place unless the money were paid, and began looking at some
of the stock, cloaks on a rack, but desisted when asked, and waited
for Tarnowsky, who came in with another incorporator, one Hal-
perin, of the plaintiff. One of these, it is disputed which, as-
sumably Halperin, paid the defendant the amount of the execution,
saying he did so under protest. If for any cause actionable this
was payment under duress, a cause of action was not cognizable in
the Municipal Court (section 1, c. 513, p. 1172, Laws 1905).

"Moneys paid under duress" was the cause of action alleged in
the oral complaint. For this allegation plaintiff was allowed, over
objection against such total change of action, to substitute an al-
legation of trespass. Neither his nor his adversary's evidence chan-
ged anything. His chief contention now is, in effect, that by not
at the end of the case renewing his motion to dismiss the defend-
ant waived objection on the lack of jurisdiction and conceded there
was a question of fact to be submitted, and therefore may not
impugn the judgment. The first part of his contention is met by the
plaintiff's amending out the allegation of duress and in one of tres-
pass. For the second, the defendant's omission to move the court
for eventual dismissal for failure of proof of trespass did not con-
fer jurisdiction to make a finding to support which there was no
proof at all. The marshal, shrewd or fortunate, abstained from tres-
pass. Halperin, assuming it was Halperin, paid voluntarily, with
knowledge of the facts and of the claim asserted by the person
whom he paid. It cannot be recovered back on the ground that
the asserted claim was invalid or unenforceable. The judgment
should be reversed.

Judgment reversed, and a new trial ordered, with costs to the
appellant to abide the event. All concur.